STATE of Missouri, Respondent,

v.

Laverne Dale TEHEE, Appellant.

No. 54400.

Supreme Court of Missouri, Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Kansas City, for appellant.

BARRETT, Commissioner.

This is a direct appeal from a conviction of robbery in the first degree and a sentence of 10 years' imprisonment.

The facts as the jury could find them from the state's undisputed evidence were that on March 1, 1968, the appellant, Laverne Dale Tehee, and another entered the A & P Store at 7131 Prospect Avenue, about closing time, and at gun point held up the store's employees and robbed the cash registers of $882.00. The employees gave police a description of Tehee as either "Mexican or Indian" (he is said to be a Cherokee Indian), 5 feet 7 or 8 inches tall, weighing about 150 pounds and wearing a blue billed cap, blue short coat and wash and wear trousers. Two weeks later and because of the description Detective Wilson went to the vice unit with another robbery victim and there he saw the defendant who had been arrested for carrying concealed weapons.

Two of the appellant's points on appeal are somewhat related, an objection to the prosecutor's argument and the principal claim of an unfair lineup identification, chiefly because appellant did not have counsel at the lineup, a claim that police suggested to one of three witnesses that two others had identified him and finally that no other Mexicans or Indians were included in one of the police lineups. It is said that the lineup identification violated the guidelines laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 and, recently, Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402.

■ There was here a motion to suppress the lineup evidence and a hearing on the subject but in view of the indisputable record it is not necessary to consider the validity of the finding or to spend time distinguishing the Wade, Stovall, Gilbert or Foster cases. There were three employee witnesses to the robbery, descriptions of Tehee, and his in-court identification—all without reference to a lineup. The fact of the lineups was developed on cross-examination and one of the witnesses did not attend a lineup, he happened to see the appellant in a police station. In any event, on the motion to suppress evidence and on redirect examination, two of the witnesses testified that on the night before the robbery Tehee and another entered the store and because of their behavior, particularly in the neighborhood of the caged office, one employee was directed to and did follow and observe the appellant until without mishap he left the store, and so the next night when they were held up and robbed they had no difficulty in remembering and identifying Tehee or in giving the police an accurate description of their assailant. Thus by "clear and convincing evidence" the in-court identifications were "based upon observation of the suspect other than the lineup identification" (United States v. Wade) and, of course, although the third witness did not rely on a lineup identification and was not present in the store the night before, the introduction in evidence of any identification of appellant "was harmless error." Gilbert v. California, supra.

■ As to the argument appellant's counsel says that the prosecutor said, "In each of the lineups it was asked, 'Did the police officer tell you which one it was, make any suggestion to you at all? No, sir.'" Counsel urges that there was no such evidence, that the prosecutor's argument was a prejudicial misstatement of the evidence. This assignment need not be considered in depth and distinguishing cases of manifestly improper argument of matters not in evidence noted. The prosecutor was arguing the identification of the appellant, the fact of his being an Indian and he said that the jury should be guided by the evidence: "What the witnesses said from the stand and the only, the sole and only evidence in this case, is

that this man was the robber." And then he did say, "In each of the lineups it was asked, 'Did the police officer tell you which one it was, make any suggestion to you at all? No, sir.'" It is not necessary to encumber this opinion with a full recitation of the arguments of counsel,—it is sufficient to say that defense counsel's argument, as is frequently the case in robbery, was an attack on the state's identification witnesses and he particularly denounced the lineup procedure and the unfairness of placing an Indian in a lineup with one, Negro and "two other white men." And finally he described the conduct of the store employees. "They come into this courtroom and Mr. Tehee, sitting directly behind me, and Mr. Humphrey (state's attorney) asks the usual question, 'Do you see the man in the courtroom today?' Why, of course, they have seen one Indian all the way through this thing. It would be impossible not to recognize him now; this defendant is an old friend, they have seen him four or five times." This is sufficient to indicate that at least in part the prosecutor's argument was retaliatory, it was not manifestly inflammatory or unfair and the trial court did not abuse its discretion in failing to sustain an objection to the argument or in denying the appellant's request for a new trial because of it. State v. Smith, Mo., 431 S.W.2d 74, 85; State v. Cusumano, Mo., 372 S.W.2d 860.

■ The information charges the appellant with a prior felony conviction in Oklahoma and upon introduction in evidence of the record of the District Court of Tulsa County the court merely ruled "that the evidence fully substantiates the State's charge that the defendant had been previously convicted of a felony and the Court will submit the case under the Habitual Criminal Act. The picture accompanying the record is a good likeness of the defendant and appears beyond a reasonable doubt that the defendant here is the one that was convicted as shown in State's Exhibit 3. I understand there is no more record. The State rests." There is no precise statute or rule as to how prior convictions should be shown and in view of diversity of procedure in the various states there probably should not be. The present finding is excellent in part, particularly as to identity. State v. Hagerman, Mo., 244 S.W.2d 49. The statute requires, however, certain proof and that "the court shall enter its findings thereon," (RSMo 1959, Supp. § 556.280) and it may be that in some instances, certainly in the absence of objection and a demonstration of infringement of the right to a jury trial, the requirements as to the findings have become rather technical. Compare State v. Hill, Mo., 371 S.W.2d 278 and the second Garrett case, State v. Garrett, Mo., 435 S.W.2d 662. Nevertheless, there was no stipulation or agreement as to the fact of appellant's record as a habitual criminal, and the finding in this case, particularly upon an Oklahoma judgment, is insufficient (State v. Holmes, Mo., 434 S.W.2d 555; State v. Garrett, Mo., 416 S.W.2d 116) and the consequence is that the cause is reversed and remanded for further proceedings and hearing upon the specific applicability of the second offender act. State v. Dixon, Mo., 434 S.W.2d 564.

STOCKARD, C., concurs in result.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., concurs in result.