**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Cass Cardell SMITH,
Defendant-Appellant.**

No. 42800.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1981.

Joseph Downey, Public Defender, Mary Elizabeth Dockery and Mary Louise Moran, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green and Michael Elbein, Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Presiding Judge.

A jury found defendant guilty of burglary in the second degree. The court found defendant to be a persistent offender and entered judgment sentencing him to eight years imprisonment.

Defendant contends that the information was insufficient to charge that he was a persistent offender, that the evidence was insufficient to prove the ownership of the premises and that a portion of the State's argument was prejudicially erroneous.

At approximately 1:30 AM on June 29, 1979, a police officer on routine patrol heard glass breaking. He then saw defendant coming through a broken showcase window of the National Shirt Shop, a men's clothing store, at 714 Olive Street in St. Louis. Defendant was carrying merchandise including a number of hats. The defendant ran when he saw the police officer. The officer gave chase and along with other officers who had joined the chase captured defendant in a hotel lobby. Defendant was in possession of $9.30 in coin, the amount that was missing from the store's cash register, and some hats. He had abandoned the clothing during the chase.

Allen Schwartz testified that he was the manager of the National Shirt Shop at the time of the burglary and that he was the last person to leave the store at 8:00 PM. When he left, the windows were intact. He did not know the defendant and had not given defendant or anyone else permission to enter the store or take items from it while the store was closed.

■ We are required to reverse and remand this case because of comments made by the Assistant Circuit Attorney in his closing argument. We shall consider this issue first.

Defendant, in closing, argued that the State had not proven the element of ownership as one of the elements of the crime charged. In rebuttal the Assistant Circuit Attorney stated:

"And the first thing I'd like to point out, there are several things that I'd like to point out to you—but the first thing is this business about ownership and the State having to prove ownership. We proved ownership when the manager of the shop was brought in. And if we had not proven every element of this crime, then there would have been a directed verdict and you wouldn't have gotten the case."

The effect of this argument was to tell the jury that the court had already made the determination that the State had proven each and every element of the crime charged. In effect, the State told the jury that the court had found the defendant guilty.

Argument of this nature seems to be tending toward routine use in the circuit in which this case arose.

This court has recently condemned similar but less offensive argument in *State v. Spinks*, Nos. 42802/42836 (Mo.App.—E.D. November 10, 1981). The Assistant Circuit Attorney there argued:

"First of all, from the State's case, if you believe the testimony the State has put on there is no question that that testimony, if you believe it, is sufficient to convict each of these defendants of the crime as charged. If that testimony, if you believe it, were not sufficient to do so, I wouldn't be here talking to you now. The Judge would have stopped the trial —"

We there said:

"We have no doubt that the comment was improper and should not have been made. The trial court was absolutely correct in sustaining objection to the remark. Certainly, any prosecutor is well advised to forebear making a similar comment in closing argument, for under proper circumstances mistrial could be an appropriate remedy."

In *Spinks* the objection was sustained and the issue was not further preserved in the motion for new trial. The argument here was clearly erroneous and prejudicial warranting reversal.

We have reviewed all of the other points relied on by defendant. They require only brief comment for guidance of the parties in retrial.

■ Defendant complains of the insufficiency of the information to charge him as a persistent offender. While it could be more explicit, we find that it can be fairly

inferred from a reading of the information that defendant was charged with having "been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." § 558.016 RSMo 1978.

Defendant also contends that there was insufficient evidence to warrant a finding that National Shirt Shop "owned" the premises.

■ Ownership in the context of a burglary does not mean title to the fee of the premises. It serves to designate with certainty the premises burglarized so as to protect defendant against a second prosecution for the same offense and to show that defendant did not have the right to possession or free access to the premises. *State v. Carey*, 318 Mo. 813, 1 S.W.2d 143, 146 (1927); *State v. Wilhite*, 587 S.W.2d 321 (Mo.App.1979).

■ The premises here are referred to throughout as National Shirt Shop. Mr. Schwartz testified that he was the manager of that shop at 714 Olive Street for over two years and that defendant did not have permission to enter the shop after hours. There was sufficient evidence of ownership to warrant submission of the issue to the jury.

Because of error committed by the Assistant Circuit Attorney in argument, the case is reversed and remanded for a new trial.

STEPHAN, J., and LACKLAND H. BLOOM, Special Judge, concur.