STATE of Missouri, Respondent,

v.

Charles E. MILLIGAN, Appellant.

No. WD33732.

Missouri Court of Appeals,
Western District.

March 15, 1983.

L.R. Magee, Hines & Magee, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

WASSERSTROM, Presiding Judge.

Defendant was convicted by a jury of burglary in the second degree and stealing. From a sentence of five years on each count, to be served concurrently, he appeals, contending that the evidence was insufficient to prove the elements of the crimes charged and that he was improperly restricted in the cross-examination of a juvenile who testified for the state. We hold: (1) the evidence was sufficient to support the allegation of the information as to ownership of the premises burglarized; (2) the evidence sufficiently showed that more than $150 was stolen as alleged; and (3) the scope of the cross-examination of the juvenile was not prejudicially restricted.

From the evidence, the jury could find beyond a reasonable doubt the following facts. On the night of the burglary, defendant, Jeffrey Reynolds and Larry Huffman, Jr., met in the home of Clyde Eaton. From there, defendant, Reynolds and Huffman went to the Rush Roller Rink, where they broke through double windows. Inside the rink, they rifled two cash registers and a number of pinball and video coin machines, from which they obtained approximately $350.

Defendant, Reynolds and Huffman then returned to Eaton's home, where they divided up the stolen money. Defendant was later arrested and after being given *Miranda* warning, signed a written confession. Reynolds was taken before the juvenile court in connection with this burglary and theft, was placed on probation, and testified for the state. Eaton also was a state witness.

■ With respect to defendant's first point concerning the adequacy of proof of

the ownership of the burglarized premises, state witness Rush testified that he owned and operated the rink as a sole proprietor. Defendant argues that this evidence was insufficient to prove that Rush owned the building as alleged in the information.

The requirement that the state show ownership of the burglarized premises serves the purposes of showing that the premises were not those of the defendant and also to identify the offense so as to protect the defendant from any subsequent prosecution for the same offense. *State v. Donnell,* 598 S.W.2d 569 (Mo.App.1980). In view of these underlying purposes, the cases hold that proof of operation and use of premises discharges the state's burden as to ownership. *State v. Wilhite,* 587 S.W.2d 321 (Mo.App.1979); *State v. Smith,* 626 S.W.2d 669 (Mo.App.1981); *State v. Donnell, supra.* Under these authorities, Rush's testimony amply proves the allegation respecting ownership.

■ Concerning defendant's point as to the sufficiency of the proof that the amount taken exceeded $150, the state's evidence showed that defendant, Reynolds and Huffman gave Eaton about $50 in nickles and dimes and then divided the balance of their loot three ways. Reynolds testified that his share came to about $100. This total of approximately $350 corresponds to the approximate amount of loss from the registers and machines testified to by the victims. This evidence amply shows stealing in excess of $150.

■ Defendant's third point complains about the restriction placed by the court upon his cross-examination of Reynolds. In this respect the transcript shows the following during the course of cross-examination by defendant's counsel:

"Q. Mr. Reynolds, have you ever been convicted of a crime?

A. Have I ever?

Q. Yes, sir.

A. Yes.

Q. What was the crime?

A. Burglary.

Q. And have you been charged in this case?

A. Yes, sir.

Q. And is that case still pending?

A. I done been on—

MR. PERRY: Your Honor, I object to any further questions along that line. This individual was the subject of juvenile prosecution. He does not come under the jurisdiction of the county prosecutor or of this court for that purpose. He was a juvenile at that time. He was charged as a juvenile, and I believe that any at length interrogation into that area would be confidential and privileged information under the juvenile statutes.

THE COURT: I believe so. The objection will be sustained.

\* \* \* \* \* \*

Q. And did you go to Boonville over this?

A. No, I got six months parole [sic], and—

MR. PERRY: Your Honor, I object to any of that information. It's all—

THE COURT: Sustained.

MR. PERRY: It's all confidential, juvenile.

MR. MAGEE: Well, I'm not making a specific inquiry, Your Honor. The witness is volunteering, and if he wants to volunteer, I think he has a right to answer.

THE COURT: Well, on his behalf, I'm going to tell him not to go into that any farther.

MR. MAGEE: All right."

Defendant contends that the court's limitation upon his cross-examination violated *State v. Russell,* 625 S.W.2d 138 (Mo. banc 1981).

No prejudicial error resulted from the rulings in question. Defendant did get be-

fore the jury that Reynolds had been charged in this burglary episode and had been placed upon six month probation. There is no indication in the record of anything further which defendant desired to show, and defendant made no offer of proof whatsoever in that regard.

The judgment is affirmed.

All concur.