**STATE of Missouri, Respondent,**

v.

**Charles ROSS, Appellant.**

**No. 45750.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 8, 1984.

Application to Transfer Denied
April 16, 1984.

---

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Appellant, Charles Ross, was convicted in a jury trial of two counts of assault in the first degree by means of a deadly weapon, § 565.050, RSMo (1978), and sentenced to imprisonment for fifteen years on each count to be served consecutively. He appeals to this court alleging that the trial court erred in refusing to instruct the jury on the included offense of assault in the second degree, § 565.060, RSMo (1978), and in permitting improper closing argument by the prosecutor. We reverse and remand.

The assault occurred on October 24, 1980. That day, Steven Buckner, a student at Central High School in St. Louis, had an argument with another student, Irma Chrisp, at school. He hit and pushed her. After the argument he returned home. At home, he received a phone call from an assistant principal, summoning him back to school. He woke his father Milton to have his father accompany him. As they were leaving the house, Irma arrived in a car driven by appellant. Irma and Steven argued again for a period of five to ten minutes. During this time, Milton Buckner and appellant said nothing to each other but merely stood watching Steven and Irma. When the argument was over, with-out any further blows between Steven and Irma, appellant took a pistol out from under his jacket and began shooting. Four shots were fired. Milton Buckner was hit in the shoulder, where the bullet lodged and still remains. Steven Buckner was shot in the face, the bullet striking and entering through his lip and exiting through the side.

The main issue at trial was identification. Steven testified first, relating the above facts and identifying appellant as his assailant. He also testified to having identified appellant at a police lineup. Milton Buckner then testified. When he was asked to identify the man who shot him, he first pointed, not at defendant, but at a spectator in the courtroom. He then corrected himself, explaining that the man he identified initially and the defendant looked alike. On cross-examination, defense counsel elicited testimony hinting at undue suggestiveness in the lineup at which Milton first identified defendant. The next State's witness was Irma Chrisp. She corroborated Steven's testimony on the events that took place that day. When asked to identify the man who accompanied her to the Buckner house and did the shooting, however, she indicated the same spectator named by Milton Buckner. After a recess, during which a court-appointed lawyer explained the consequences of perjury to her, Irma recanted and identified appellant as the man who drove her to the Buckners that day.

We consider appellant's second point first because it is dispositive of this appeal. Appellant contends that certain remarks by the prosecutor during final argument were improper and prejudicial. The State contends that the argument was proper as a retaliatory argument, and that the trial court did not abuse its discretion in allowing it.

The statements were made in response to a defense argument. The defense theory was misidentification. To support that theory, defense counsel argued that the lineups at which Steven and Milton Buckner identified appellant were suggestive. Fur-

ther, the defense contended the Buckners' in-court identifications rested on the unduly suggestive lineups and not on the events of October 24, 1980. Thus, the jury should discount the identifications as unreliable. In response to this argument, the prosecutor made the following statement:

> [PROSECUTING ATTORNEY]: ... Mr. Kirksey also implies that there's some unfairness about these lineups. That this man was some how [sic] denied his rights when this lineup took place. That's what he is telling you. *If this man had been denied one single right that was available to him when this took place you would not be allowed to see these or consider that evidence.* (Emphasis added.)

An objection was made and overruled.

■ The prosecutor's remarks constitute improper argument. Arguments to a jury that imply court approval of the State's case were condemned in *State v. Spinks,* 629 S.W.2d 499 (Mo.App.1981) and constituted reversible error in *State v. Smith,* 626 S.W.2d 669 (Mo.App.1981). The effect of the prosecutor's argument was to tell the jury that the method of identification had been judicially sanctioned. This improperly injected the court into the case.

■ Respondent contends the argument was proper as retaliatory to the defense argument. We recognize the rule that a retaliatory argument that is invited by counsel's remarks will not support a claim of error. *State v. Tehee,* 445 S.W.2d 285 (Mo.1969). In this case, however, the argument went far beyond retaliation. It sought to instruct the jury on the law (erroneously) beyond the instructions given by the court. Further, and more grievously, it implied to the jury that the court had endorsed evidence for the State. The argument went far beyond the argument held proper in similar circumstances in *State v. Tehee,* 445 S.W.2d at 286–87. Thus, the trial court erred in overruling appellant's objection.

■ We also hold that the error was prejudicial. As previously noted, identification was a hotly contested issue. The State's case was made or lost on the three eyewitnesses. At trial, two of those witnesses initially identified someone other than appellant as the assailant. One of those witnesses and the third witness had identified appellant at lineups which, the defense argued, provided the true basis for the in-court identifications. Thus, the prosecutor's argument was not merely improper, but it implied a judicial endorsement of important evidence on the only real issue in the trial. If there were other overwhelming evidence of guilt, the error might have been harmless. This, however, seems to be the close case where we cannot conclude that the jury was not influenced. Reversal and a remand to the circuit court for a new trial is therefore required. *State v. Degraffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972).

In light of our disposition of this point, we need not address appellant's other point on appeal.

The judgment is reversed and the case is remanded to the circuit court for a new trial.

KAROHL, P.J., and REINHARD, J., concur.