STATE of Missouri, Respondent,

v.

Delano WALKER, Appellant.

No. 47322.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

Application to Transfer Denied
July 17, 1984.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant (prisoner) appeals from a jury conviction for injuring penitentiary property, contrary to § 216.460, RSMo 1978, for which he received a sentence of two years' imprisonment. We affirm.

On May 24, 1982, prisoner was serving a sentence in the Special Management Unit, the maximum security section of the Missouri State Penitentiary. He was alone in his cell. Prisoner's cell door was opened to allow him to clean his cell with a broom provided for that purpose. However, he did not use the broom to clean his cell. Instead, prisoner used it to knock out some lights, and then damage two speakers and an intercom which were attached to the wall. Having broken the broom, prisoner then returned to his cell. Damage was estimated at $215.

■ Prisoner first asserts plain error in that the information was defective. He did not challenge the sufficiency of the information in the trial court. Neither did he seek a bill of particulars, which waived any claim of error for a lack of detail in the information. *State v. Neal,* 661 S.W.2d 844, 845[1] (Mo.App.1983). We have reviewed the information, and decline to consider the point relied on as plain error. Rule 30.20.

■ Prisoner next complains of the state's failure to introduce evidence sufficient to prove state ownership of the penitentiary. No such proof is required. § 216.460 provides "any single prisoner ... [who] does or attempts to do any injury to *any* building or workshop, or other property, ... is guilty of a felony." In any event, there is no question the state proved prisoner damaged property located in the Missouri State Penitentiary while an inmate there. Proof of possession and use is sufficient to prove ownership. *State v. Milligan,* 648 S.W.2d 913, 915 (Mo.App.1983).

■ Finally, prisoner claims the trial court erred in allowing the state to introduce the convictions for which he was confined in the penitentiary. Conviction and lawful confinement were elements of the offense proscribed by § 216.460. Prisoner's offer to stipulate to the fact he was lawfully confined, which offer was declined by the state, did not impede the use by the state of the convictions to carry their burden on this element of the case. *State v. Townes,* 522 S.W.2d 22, 26 (Mo.App.1974).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.