STATE of Missouri,
Plaintiff–Respondent,

v.

Muldrew GRIFFIN,
Defendant–Appellant.

No. 51873.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 26, 1988.

Application to Transfer Denied March 15, 1988.

Michael D. Burton, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Jared Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of stealing property worth $150.00 or more, § 570.030, RSMo 1986, a class C felony, and sentenced by the court as a persistent offender to a term of seven years' imprisonment to be served consecutively to a

sentence he was serving at the time. He appeals; we affirm.

The evidence at trial was that at approximately 1:00 a.m. on June 13, 1985, as he drove past the Plaza Motor Company on Olive Street Road, Officer Ronald Cope of the St. Louis County Police Department noticed a man on top of a white Corvette on the firm's used car lot. As Cope stopped to turn his patrol car around, the man jumped down from the Corvette carrying its "T-top" and ran to a blue Ford van. Cope turned on his red light and siren and pursued the van north on Interstate Highway 270. During the pursuit, one of the occupants of the van threw the T-top out the side of the vehicle.

Normandy Police Officer John Lee joined the chase and a St. Louis County Police helicopter assisted by shining a spotlight on the vehicle. As Lee pulled alongside the van, he motioned for the driver to pull over. The driver kept going but Lee was able to see the driver's face. The chase ended in a schoolyard where police apprehended two passengers, one of whom was the man seen by Cope atop the Corvette at Plaza Motor Company. Lee pursued the driver on foot and saw his face from a distance of four or five feet before the man eluded him. The next morning an officer went to the area where Officer Cope had seen the T-top thrown from the van and found a part of a T-top. At trial, Lee identified defendant as the man he saw driving the van and the man he chased on foot in the school lot. A latent print examiner identified a thumb print lifted from the getaway van as that of defendant's left thumb.

Barry Senseman testified that he had been the used car manager of Plaza Motor Company for two and one-half years and prior to that he had been in the automobile business 13 years. His responsibilities including buying and trading for used cars. When he left work at 6:00 p.m. on June 12, 1985, the T-top was in place on a white 1982 Corvette he had purchased. When he returned to work at 8:00 a.m. on June 13, the T-top was missing from the vehicle. Plaza Motor Company replaced the top with a used fiberglass T-top that cost $600.00. Senseman testified that to replace the missing T-top he "called a number of places to buy them used and the six hundred [dollars] was the cheapest price; I was quoted eight hundred, seven hundred, and other figures, so I mean, I bought them for six hundred, that seemed like the best and my job is to buy them the cheapest." He valued the T-top taken at $600.00. Senseman said he had purchased replacement T-tops for Corvettes on three previous occasions during his years in the automobile business.

On appeal defendant contends that the trial court erred in overruling his objection to Senseman's testimony about the value of the stolen property because "he had only purchased three such items throughout his employment with the company and had only purchased the items in a used condition." From our review of defendant's objection at trial, his motions for judgment of acquittal and a new trial, and his point relied on, it appears his objection is that Senseman was not qualified as an expert to testify about the value of the stolen property.

Section 570.020(1), RSMo 1986, defines "value" as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, *the cost of replacement of the property* within a reasonable time after the crime … (emphasis added)." To testify about the value of stolen property, a witness need not always be an expert in the usual sense of the word. If the witness knows the property and possesses information and knowledge to enable him to form an intelligent judgment, he is qualified to testify about the property's value. *State v. Williams*, 635 S.W.2d 55, 59 (Mo.App. 1982).

In *Williams*, a police officer testified about the value of two stolen electric typewriters. He based his assessment of value on his personal purchase two years earlier for $300.00 of a different brand typewriter that was "less valuable and less complex" and his inquiries at various suppliers about the sale prices of typewriters of the same brand and kind as the stolen machines. In

affirming the conviction, the western district noted that the officer's "knowledge of the intrinsic qualities of the property and their cost on the open market was a sufficient basis for an intelligent judgment of value." 635 S.W.2d at 59.

█ Here, Senseman had personal knowledge of the actual replacement cost of the stolen T-top. In addition, he was familiar with the reasonable value of T-tops because he had purchased them on previous occasions, he obtained several price quotations to replace the stolen top, and he bought the replacement based on the lowest price quotation. Senseman was qualified to testify about the value of the stolen T-top.

█ Defendant also contends the court erred in overruling his objection to the portion of the state's closing argument "which suggested that the police had conducted an investigation not mentioned in the case-in-chief." We have reviewed the record and conclude the complained-of argument was in retaliation to defense counsel's argument. "[A] defendant may not provoke a reply to his own argument and then claim error." *State v. Kelly*, 689 S.W.2d 639, 640–41 (Mo.App.1985). "It is improper for counsel to comment or refer to subject matter not in evidence during closing argument, but if such comment is in retaliation to comment of defendant's counsel there is no reversible error." *State v. Davis*, 684 S.W.2d 38, 44 (Mo.App.1984). *See also State v. Kirksey*, 713 S.W.2d 841, 848–49 (Mo.App.1986).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.