**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**Kenny W. HALL, Defendant–Appellant.**

**No. 52883.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Application to Transfer Denied May 17, 1988.

Rozann Moss, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Kenny W. Hall, appeals his conviction of unlawful use of a weapon, Section 571.030.1 RSMo 1986.[1] The court

---

1. "A person commits the crime of unlawful use of weapons if he knowingly: (1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; or—."

sentenced Hall as a persistent offender to four years in prison. Defendant briefed two issues on appeal, neither of which challenge the sufficiency of the evidence.

Officer Alfred Adkins testified that on the night of September 22, 1986 he and his partner, Russell Smith, received an assignment to investigate a shooting. The suspect was described as an eighteen year old Negro male with light complexion and red hair. In response the officers proceeded by vehicle to the 5700 block of Mimika where Officer Adkins observed from his passenger seat a group of four black males and two white females clustered around a parked Monte Carlo.

At a distance of ten-to-fifteen feet Officer Adkins watched the defendant remove a gun with white grips from under his shirt and toss it to his left. Officer Adkins advised Officer Smith to stop the car and both officers went to investigate the group. Adkins searched with a flashlight and retrieved the gun from the street. The officers arrested Hall and questioned the other people present at the scene.

Defendant did not testify at trial but called two witnesses, Michele Wilson and Jeannie Haines. They were present at the scene of arrest. They had just dropped off Jeannie's boyfriend when the incident occurred. Both women testified they were returning to the car when they saw several black males who were talking and drinking in front of Wilson's Monte Carlo. As the women approached they saw a police car coming down the street toward them. Both testified they saw a male, not the defendant, seated on the driver's side of the hood lean over and toss an object across the car. Haines further stated that she was hit on her toe by an object that felt like a brick. On cross-examination neither witness stated she actually saw a gun tossed, but merely saw a man who was not Hall throw something across the car toward them. Haines concluded she was hit by the gun because the object glittered and the gun was found there. Both women stated they were standing beside the defendant when the object was tossed and they did not see Hall remove a gun from his coat or throw anything.

The jury believed the testimony of Officer Adkins and rejected the testimony of defendant's witnesses. It returned a verdict of guilty of unlawful use of a weapon. Hall appeals (1) challenging the court's denial of a motion to strike the jury on *Batson* grounds and (2) alleging court error in not sustaining defense objections to the prosecutor's demonstration during final closing argument.

We find defendant is entitled to a new trial on the claim of error relating to closing argument and do not consider the *Batson* issue. Further, after this appeal was filed our Supreme Court issued an opinion in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987). In that opinion the court addressed both the appropriate procedure for trial courts to follow in deciding *Batson* issues and the proper standard of review for appellate courts. On retrial the parties and the court will have the benefit of *Antwine*.

Defendant's second point alleges prejudicial error in the prosecutor's final closing argument. At trial, the state presented Officer Adkins' testimony that Hall removed a gun from under his shirt and threw it to the ground. The defense witnesses testified they saw a different black male make a throwing motion. Hall's defense was that Adkins had mistaken his identity and someone other than defendant had possession of the weapon found at the scene. In his initial closing argument the prosecutor argued that the defense witnesses were distracted by the other people grouped around the car and for that reason their testimony was not reliable. During closing, the defense argued that the witnesses were much closer to the group and better able to see what happened than the policemen who were driving toward them. These arguments were in reference to the events in evidence and both were proper. Both arguments went to the central issue for the jury to consider and decide.

In the rebuttal portion of his closing argument, the prosecutor made the following argument to the jury:

PROSECUTOR: Now as Ms. Moss stood here in front of you, I sat there in her closing argument, I sat right there ap-

proximately the same distance as the two girls were from Kenny Hall, were you paying attention to her or were you paying attention to me? Where is the gun? It's right here. You didn't see me put it there because you weren't paying attention to me, you were paying attention to her.

DEFENSE: I will object to this line of argument. I will object.

THE COURT: Overruled. Be governed by your recollections of the testimony.

PROSECUTOR: Just like the girls were looking at the guys.

DEFENSE: May we approach the sidebar?

THE COURT: Not until he finishes. He only has ten seconds. You may make your record after he finishes.

PROSECUTOR: Just like the girls weren't looking at Kenny Hall to see what he was doing, they were looking at the guy doing like this. (indicating) Be governed by your common sense. Thank you, ladies and gentlemen.

THE COURT: Okay, you [sic] time is up. Now you may approach the bench. (whereupon, the following proceedings were held at the bench out of the hearing of the jury):

DEFENSE: I would like the record to reflect my objections to the prosecutor's line of argument, *that he was doing a display for the jury,* and that was not a comment on the evidence, and, *nor was it displayed in the evidence at all.*

THE COURT: Objection overruled. (our emphasis)

While making this argument, the prosecutor pulled the gun in evidence from his waistband to illustrate his point that no one saw him place it there. Defendant does not argue that this was error because it was *merely dramatically inflammatory.* His point of prejudicial error is this argument was beyond the scope of closing and beyond the scope of the evidence.

The first defense objection to prosecution's final closing argument was general and preserved nothing for review. *State v. Jones,* 515 S.W.2d 504, 506 (Mo.1974); *State v. Gibson,* 633 S.W.2d 101, 107 (Mo. App.1982). The trial judge refused to hear

the next attempted objection, deferring all interruption until the prosecutor finished his closing argument. Under these irregular circumstances we look to the objection made when permitted and thereafter preserved. Defendant was entitled to make a timely, proper objection when the error, if any, occurred. We review the trial court error based on the grounds asserted by defense counsel at the conclusion of closing argument.

The court's ruling at the end was predictable because the court refused to hear the objection at the time raised. The display and the argument was already before the jury. The argument was not supported by the evidence but it was dramatically before the jury by "leave". The demonstration relates to the central issue in the case, was it the defendant or another who had the weapon. On appeal, the state argues no error occurred because the prosecutor was commenting on the evidence presented at trial. This is not correct. What distracted defense witnesses, if anything, is wholly unrelated by any evidence to what distracted the jury, if anything. The argument and demonstration presumes distractions of either or both. The conditions and the events in the court room are wholly different than those on the street on September 22, 1986. Moreover the prosecutor's removal of a gun from his waistband did not clarify whether defendant or some other black male had possession of the gun on the night in question. The display did not illustrate the acts of defendant or the degree of attention of the policeman or the defense witnesses. The events at issue did not occur in a well-lighted courtroom in the daytime; they occurred on a dark residential street at night. The demonstration was not a comment on the evidence. It was an unfair device which may have misled the jury in its deliberations.

The state also argues on appeal that because the prosecutor argued a theory of distraction in his opening portion of closing argument, the display was, therefore, proper. This is a misstatement of the record. The prosecutor's early remarks in closing attempted to discredit the defense witnesses' ability to see who threw the gun at the crime scene. The objectionable display and

argument attempted to establish that because the jury did not see the prosecutor hide the gun, therefore, the defense witnesses did not see defendant throw the gun. The first argument correctly leaves the balancing of credibility of witnesses to the jury. The second argument tries to establish proof that defendant threw the gun on the night in question because no one in the jury saw the prosecutor hide the gun in the courtroom. This display and argument were improper.

If there were overwhelming evidence of guilt, the error might not have been prejudicial. This is a close case which depends entirely on matters of credibility. It is not possible to conclude that the jury was not influenced by improper argument. Reversal and a remand to the trial court for a new trial is required. *State v. Degraffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972); *State v. Ross,* 667 S.W.2d 31, 33 (Mo.App. 1984).

The judgment is reversed and the case remanded for a new trial.

SMITH and KELLY, JJ., concur.