**David Harrison RICHARDS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57472.**

Supreme Court of Missouri,
Division No. 1.

June 11, 1973.

Joseph B. Dickerson, Jr., St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Daniel Parker Card II, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief, after hearing on motion, under Rule 27.26, V.A.M.R., to vacate judgment and sentence.

A jury in the St. Louis Circuit Court found David Harrison Richards guilty of murder in the first degree and fixed his punishment at life imprisonment. On appeal, the ensuing judgment and sentence was affirmed. State v. Richards, 467 S.W. 2d 33 (Mo.1971).

On June 11, 1971, appellant filed a motion under Rule 27.26 to vacate his sentence. A hearing was held on the motion. Thereafter, the trial court entered its findings and conclusions, which included the following:

"5. that all of the above [14] allegations of error were ruled on by the Supreme Court in an opinion rendered on the appeal taken from the original sentence and judg-

ment of movant and, therefore, cannot be again considered in this collateral proceeding."

With one exception, referred to below, the appellant now does not challenge such finding upon any specific charge of error, but contends that the trial court erred in holding that prior consideration of the matters alleged in his motion by this court on his direct appeal, does not preclude his right to raise such objections on a 27.26 motion, when he asserts that such errors were not mere trial errors, but errors affecting constitutional rights.

■ Subparagraph (b)(3) of Rule 27.26 prohibits the use of a motion under that rule, ordinarily, as "a substitute for a second appeal." A relabeling of alleged trial errors as constitutional errors does not provide an exception to this rule. Gailes v. State, 454 S.W.2d 561 (Mo.1970); Crawford v. State, 436 S.W.2d 632 (Mo.1969). The case of Warren v. State, 473 S.W.2d 427 (Mo.1971), involved successive motions under Rule 27.26, which are governed by subparagraph (d) of that rule. Warren did not involve the question here presented and is not authority for holding the trial court's ruling erroneous.

■ The specific matter of error relied upon by appellant was the trial court's admission over his objection of a weapon. This question was presented on the prior appeal and ruled upon. State v. Richards, supra, 467 S.W.2d at 36 [3]. No reason for further consideration of that question appears. Rule 27.26(b)(3).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.