**STATE of Missouri, Respondent,**

v.

**Tommy WILHITE, Appellant.**

**No. 40672.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 31, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1979.

Donald E. Lamb, Centerville, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Cape Girardeau, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of the offenses of second degree burglary and stealing. He was sentenced to serve a term of 8 years on the burglary charge and 4 years on the stealing charge, the sentences to run consecutively.

He was charged with breaking and entering "a certain building located at Highway 60, Stoddard County, Missouri, the property of Gaylon Lawrence," and stealing "358 bushels of beans, 39 5-gallon cans of Treflan, and one 1967 International Straight Truck, . . . the personal property of Gaylon Lawrence."

The property in question was taken from a storage building on the premises of a farm and grain elevator concern operating in Stoddard County. The manager of the farm and grain elevator, Harlan Franklin, testified that his superior was Gaylon Lawrence, the party identified in the information as the owner of the stolen property. Lawrence did not testify. Franklin testified that, on the evening of the burglary, he was the last person to leave the premises in question, and that he had ascertained that the storage building had been secured and

locked. The following morning, he discovered that the truck, beans and Treflan were missing, and that a lock and hasp assembly had been pried off one of the sliding doors of the building. Evidence was also presented of a sale of some of the stolen beans subsequent to the burglary and theft that linked defendant to the crime. A deputy sheriff also testified that defendant made certain statements implicating himself in the crime and that defendant had led the witness to the stolen truck.

■ Defendant contends that the court should have sustained his motion for judgment of acquittal on the charge of burglary because the state failed to prove ownership or occupancy of the burglarized building as charged. Specifically, defendant complains that although Franklin stated that Gaylon Lawrence owned the building on direct examination, he expressed uncertainty as to whether title was in the name of Lawrence personally, Lawrence Farms, Incorporated or Lawrence Grain Company, Incorporated when pressed under cross-examination. We note that Franklin also testified that Lawrence was his supervisor and that Lawrence generally was responsible for and had control over both the named corporations and the farm and elevator operation of which the burglarized building was a part.

Defendant's point is without merit. "Proof of the ownership of a building burglarized does not refer to the title but the occupancy," *State v. Rains*, 537 S.W.2d 219, 226[8] (Mo.App.1976), citing *State v. Harrison*, 285 S.W. 83, 87[14] (Mo.1926). In *State v. Jeffords*, 64 S.W.2d 241, 242 (Mo.1933), an allegation that defendant there broke into "a certain store building located in Marviell . . . being used as a store, and operated by Mr. and Mrs. John Sappington," was held to sufficiently charge ownership for purposes of the burglary statute. It necessarily follows that proof of operation and use of premises discharges the state's burden as to ownership, and no material variance arises where allegations of ownership are proven up by evidence of the legal equivalents of ownership—occupancy, use or possession. Whatever the state of the

legal title to the building in question, the proof adduced at trial showed the principle occupancy and use to be in Lawrence.

■ The reason for requiring an allegation of ownership of property is an indictment for burglary is twofold:

. . . 1) For the purpose of showing that the house alleged to have been burglarized was not the dwelling of the accused; and 2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense.

*State v. Ford*, 403 S.W.2d 611 at 612 (Mo. 1966).

This rationale is more than adequately discharged by the proof adduced in the trial court below as to Lawrence's general control of the building and the surrounding premises. We hold that the evidence was sufficient under the law of Missouri to establish the element of ownership.

Defendant next complains that the state suffered a failure of proof as to the breaking and entering of the building in question, another element of the burglary offense.

As noted above, Franklin testified that he was the last one in the building on the day of the crime, and that he secured and locked the premises before leaving. However, the officer who investigated the crime testified that he ascertained during the course of his investigation that a bookkeeper had actually been the last person to leave the premises that day. Defendant makes much of the latter testimony, together with certain other evidence characterized by defendant as tending to show that the burglary was an "inside job", in that the building had been unlocked and opened rather than being broken into. Defendant raises the possibility that, under the evidence developed at trial, the lock and hasp assembly used to secure the building could have been pried off subsequent to its having been unlocked by the thief or thieves, ostensibly to manufacture indicia of a "breaking in" for insurance purposes. Regarding the officer's testimony placing the bookkeeper in the building subsequent to Franklin's departure, it

should also be noted that Franklin's testimony stated specific times for the respective departures of the bookkeeper and himself, Franklin's being the later of the two. The officer did not explain how he arrived at the conclusion that the bookkeeper remained in the building.

The essence of defendant's contention is that the building may have been unlocked or left open by the departing bookkeeper, or alternatively, that the building was unlocked by an "insider" thief, and the hasp assembly later pried off to give the appearance of a break-in.

■ Regarding the possibility that someone may have left the building unlocked subsequent to Franklin's departure, we need only note that, in determining the sufficiency of the evidence to support the conviction, we consider as true all the evidence favorable to the State's case, both direct and circumstantial, and including all reasonable inferences to be drawn therefrom, while disregarding all contrary evidence and inferences, *State v. Cox*, 527 S.W.2d 448, 450[1] (Mo.App.1975). Franklin's testimony is more than sufficient to establish under *State v. Cox*, supra, that the premises were closed up prior to the burglary so that any access to the building thereafter necessarily entailed a "breaking and entering".

■ As for the possibility that the premises were opened by unlocking the door as opposed to a forcible breaking open, defendant's point is immaterial. Under a charge of second degree burglary, the state need not show a "forcible bursting or breaking". *State v. O'Brien*, 249 S.W.2d 433, 434[1–4] (Mo.1952), cert. denied, 344 U.S. 859, 73 S.Ct. 100, 97 L.Ed. 667 (1952). Entry by a mere pushing open of an unlocked or unlatched door is sufficient to sustain a conviction for burglary, second degree, *State v. Bradley*, 485 S.W.2d 408, 412[8–10] (Mo.1972), citing *State v. Rhodes*, 408 S.W.2d 68, 70[3] (Mo.1966). At the very least, the State showed the premises had been opened in some manner and entered on the date in question. This is sufficient under the above authorities to establish the element of a breaking and entering.

Defendant next raises the question of the absence of any proof of the ownership of the property taken from the burglarized building, and of a taking without the owner's consent, both elements of the stealing charge.

■ While Lawrence, the person charged as having ownership of the property stolen, did not testify, Franklin testified that he had seen the title to the stolen truck and that it was in Lawrence's name personally. Franklin also testified that he, himself, had purchased the beans and Treflan in question for use on the farm. There was sufficient evidence of ownership to support the conviction of stealing in conjunction with burglary.

■ It has long been established that ownership of stolen property may be charged either to the actual owner or the one rightfully in possession and a showing that the property was taken from one who merely had charge and control thereof is sufficient to sustain the charge of stealing, *State v. Webb*, 400 S.W.2d 84, 86[6, 7] (Mo. 1966). The above evidence constitutes sufficient proof of ownership of the stolen property.

■ The element of lack of consent of the owner of the stolen goods to their taking may also be established by circumstantial evidence, *State v. Webb*, 423 S.W.2d 795, 798[4] (Mo.1968), and, under the circumstances shown here, it is clearly not essential to the state's case that Mr. Lawrence testify personally that the taking was without his consent. The evidence showed that the property was taken from a building that had been broken into and disposed of in some manner unknown to the persons who had had lawful custody. Such evidence raises the clear and unmistakable inference that the persons responsible for the taking of the missing goods did not have the consent of those custodians for their removal.

Defendant also contends that the instant charge, stealing in connection with a bur-

glary, cannot be sustained where the state first fails to make out a prima facie case of burglary. What has been said above regarding the state's having carried its burden of supporting all the elements of the burglary offense is dispositive.

In his final two points, defendant contends that it was error for the trial court to exclude certain evidence in support of defendant's theory that the burglary was an "inside job". However, he fails to cite any authority for the propositions there advanced, as required under Rule 84.04(d). These points are therefore deemed abandoned, *State v. Schulten*, 529 S.W.2d 432 (Mo.App.1975). We do note that defendant's evidence to the effect that someone other than defendant had the opportunity or might have committed the crime would not have been admissible here. *State v. Love*, 546 S.W.2d 441, 452[14, 15] (Mo.App. 1977).

There was no prejudicial error in the court's ruling.

Judgment affirmed.

GUNN and CRIST, JJ., concur.