Tommy WILHITE, Appellant-Movant,

v.

STATE of Missouri, Respondent.

No. 42731.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Gary L. Robbins, Jackson, for appellant-movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Jay D. Haden, Asst. Attys. Gen., Jefferson City, Jim McGhee, Pros. Atty., Bloomfield, for respondent.

CRIST, Judge.

Rule 27.26 proceeding. Movant appeals the denial of his Rule 27.26 motion. We affirm.

On June 5, 1978, movant was convicted by a jury of burglary in the second degree and stealing. He was sentenced to consecutive terms of eight and four years respectively. On June 22, 1978, movant filed a motion for new trial alleging error in the exclusion of evidence supporting movant's theory that the burglary was an "inside job." On appeal, this Court found no prejudicial error in the trial court's ruling excluding the evidence. *State v. Wilhite*, 587 S.W.2d 321, 325 (Mo.App.1979).

On December 7, 1979, movant filed his Rule 27.26 motion alleging error in (1) systematic excluding women from the jury; (2) ineffective assistance of counsel in the failure to endorse state witnesses; and (3) ineffective assistance of counsel in failing to object and properly preserve for appellate review the fact that there was insufficient evidence of guilt. The public defender was appointed to represent movant and given 45 days to file an amended motion. On January 28, 1980, movant filed with the court, a letter indicating his desire that his Rule 27.26 motion be submitted to court without amendment.

On March 12, 1980, the trial court entered its findings of fact, conclusions of law and judgment overruling movant's motion and dismissing it with prejudice. No evidentiary hearing was held. On this appeal, movant has abandoned all matters determined by the trial court on his Rule 27.26 motion. He raises, for the first time, the question of constitutional error in the exclusion of evidence presented at the original trial supporting the theory that the burglary was an "inside job." Movant admits that he has procedural problems, but asks this Court to review the matter under the "plain error rule." Rule 84.13(c).

■ While movant alleges a constitutional error, he is merely relabeling trial error considered and denied on direct appeal. *State v. Wilhite*, 587 S.W.2d 321 (Mo.App. 1979). Such relabeling does not provide an exception to Rule 27.26(b)(3) prohibiting the use of a post-conviction proceeding as a "substitute for a second appeal." *Richards v. State*, 495 S.W.2d 442, 443 (Mo.1973). Once a point has been considered on direct appeal, it may not be reconsidered in a post-conviction proceeding. Rule 27.-26(b)(3); *Davis v. State*, 482 S.W.2d 468, 470 (Mo.1972); *Zinn v. State*, 588 S.W.2d 177, 178 (Mo.App.1979).

■ The constitutional point urged herein was not raised in movant's Rule 27.26 motion and was not, therefore, presented to the trial judge for determination. A point raised for the first time on appeal from the denial of a Rule 27.26 motion is not generally reviewable. Rule 27.26; *Vaughan v. State*, 579 S.W.2d 721, 722 (Mo.App.1979). Our review of the record, including the transcript of movant's direct appeal, reveals

**508**

no allegation sufficient to invoke review under Rule 84.13(c).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.