**George Thomas KYLES, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 44834.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Paul F. Black, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On June 5, 1979, movant appeared before Judge Cahill and pleaded guilty to carrying a concealed weapon and to armed criminal action. He also pleaded guilty to manslaughter as a lesser included offense of murder in the second degree. At the plea proceeding, Judge Cahill extensively questioned the movant and explained to him the full consequences of his action. Judge Cahill found movant had pleaded voluntarily. Before sentencing, movant filed a motion to withdraw his guilty pleas. Judge Cahill denied the motion and sentenced movant to a term of seven years' imprisonment on the manslaughter charge, a concurrent seven-year term on the armed criminal action charge, and a concurrent five-year term on the weapon charge.

On February 28, 1980, movant filed this Rule 27.26 motion. An evidentiary hearing was held on the motion. The former assistant circuit attorney, movant's trial attorney, and movant testified about the circumstances surrounding movant's pleas of guilty. The court also considered the transcript of movant's plea hearing. On July 28, 1981, Judge Tillman issued findings of fact and conclusions of law in which he sustained the motion with respect to the armed criminal action charge, but denied the motion with respect to the manslaughter and weapon charges. Movant appeals.

In both his points on appeal, movant has alleged that the court erred in denying his

Rule 27.26 motion because movant's pleas of guilty were not knowingly and voluntarily made. In his first point, he alleges he did not have adequate and competent representation because his counsel failed to thoroughly investigate the case and failed to thoroughly discuss the case with movant. In his second point, movant alleges his plea was induced by mistake, misapprehension, fear, persuasion, and holding out of false hopes because movant was not informed that a key witness could not identify him, the maximum possible sentence was erroneously stated to him, and movant believed his counsel had promised him parole.

 Our review of this cause is limited by Rule 27.26(j) to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. To succeed on his ineffective assistance of counsel claim, movant "must prove that his counsel was ineffective and that this ineffectiveness, in turn, rendered his guilty plea involuntary." *Ragan v. State,* 595 S.W.2d 734, 737 (Mo.App.1980). In *Kretzer v. State,* 612 S.W.2d 70, 71 (Mo. App.1981), the court stated that the claim that an attorney has ineffectively served his client by inadequate investigation and preparation for trial must be supported by allegations and proof of specific information which was not discovered, that reasonable investigation would have disclosed the information, and that the material so discovered would have benefited the movant in the defense of the charge.

Applying the above standards to the evidence presented to the trial court, we conclude the trial court's finding that movant voluntarily and knowingly pleaded guilty to the charges of manslaughter and carrying a concealed weapon is not clearly erroneous. An extended opinion would have no precedential value. The case is affirmed under Rule 84.16(b).

CRANDALL, P.J., and CRIST, J., concur.