**Larry P. THOMAS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 46164.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 27, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

Gail N. Gaus, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

JOHN E. PARRISH, Special Judge.

Movant Thomas was convicted of murder in the first degree (felony-murder) and of attempted robbery first degree by means of a dangerous and deadly weapon. Movant was sentenced in accordance with the Second Offender Act to life imprisonment with respect to the murder first degree and to fifteen years on the charge of attempted robbery first degree. The terms of imprisonment were ordered to run consecutively.

Following his trial, convictions and sentencings, movant appealed. His sentences were affirmed. *State v. Thomas*, 522 S.W.2d 74 (Mo.App.1975).

Thereafter, movant filed a motion to have his sentences set aside under Rule 27.26. That motion was denied and an appeal taken. Following determination that the transcript on appeal did not contain all the testimony presented before the trial court, the judgment of the trial court was vacated and the motion remanded for a new hearing.

Movant filed an amendment to his Rule 27.26 motion and, thereafter, evidentiary hearing was held. Following the hearing and entry of the trial court's written Findings of Fact and Conclusions of Law, that court vacated movant's conviction for attempted robbery first degree. In all other respects movant's 27.26 motion was denied. The trial court's decree vacating the attempted robbery first degree conviction and denying the other relief sought by movant's 27.26 motion was entered June 24, 1982. Movant now appeals that judgment.

Movant presents four points by which he contends the trial court erred in failing to set aside his conviction for murder first degree. He contends: (1) that a confession admitted as evidence was given involuntarily for the reason that he was under medication and in pain when it was obtained; (2) that he was denied effective assistance of counsel in that movant's trial counsel failed "to interview hospital officials and introduce hospital records showing appellant was under medication;" (3) that the sentencing of movant for murder first degree subjected him to double jeopardy and because movant had completed serving his sentence for attempted robbery first degree when that sentence was vacated, the trial court was without authority to resentence and should have also vacated his murder first degree sentence; and, (4) that the trial court's overruling movant's motion to pay for services of a physician to evaluate medical records and present testimony, which expenses movant's appointed attorney was unable to pay, deprived him of a fair hearing on the issue of voluntariness of the confession which was admitted in evidence at the criminal trial.

We affirm.

■ This appeal is considered in light of applicable procedural concepts. Movant's allegations in his 27.26 motion are not "self-proving." *Ward v. State*, 451 S.W.2d 79, 81 (Mo.1970). He has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 27.-26(f); *Collins v. State*, 450 S.W.2d 186, 187 (Mo.1970); *McLallen v. State*, 543 S.W.2d 813 (Mo.App.1976).

Movant first asserts that error occurred in not setting aside the first degree murder conviction because his oral confession to the crime was improperly obtained. He contends that, at the time the confession was obtained, he was under medication and in pain and the confession was therefore "not the product of rational intellect and free will and should have been excluded from the evidence at trial."

■ This point was raised and determined adverse to movant in the direct appeal from his criminal conviction. *State v. Thomas,* supra. He is not entitled to relitigate that issue now. A post-conviction proceeding is not a "substitute for a second appeal." Rule 27.26(b)(3); *Richards v. State,* 495 S.W.2d 442, 443 (Mo.1973). "Once a point has been considered on direct appeal, it may not be reconsidered in a post-conviction proceeding." *Wilhite v. State,* 615 S.W.2d 506, 507 (Mo.App.1981).

Movant's first assignment of error is denied.

Movant's second assignment of error asserts that he did not receive effective assistance of counsel. Movant asserts that his trial counsel failed to effectively investigate his criminal case in preparing for its defense.

Movant's convictions resulted from events which occurred November 7, 1972. He and a companion entered an auto parts store and announced a holdup. Movant had a gun in his hand. A customer in the store was also armed. The customer pulled his gun and exchanged shots with movant. Both were wounded. The customer died from his wounds. Movant survived and was hospitalized for treatment of injuries he received from gunshot wounds. *State v. Thomas,* supra at 75.

The oral confession of movant which was a part of the evidence at his criminal trial was obtained from movant while he was hospitalized. Detectives obtained the confession two days after movant was shot. Movant's trial counsel sought unsuccessfully to suppress the confession. The only testimony the state presented at the suppression hearing was that of the two detectives who obtained the confession. Movant presented no additional evidence. He did not testify as to his condition nor introduce his medical records. *State v. Thomas,* supra at 76–77.

Movant contends his trial counsel provided inadequate assistance by failing to pursue the defense that the confession was involuntary due to movant having been under medication when the confession was obtained and by failing to interview hospital authorities and to obtain hospital records for purposes of developing that defense.

The record on appeal does not support movant's second point.

Movant's trial counsel testified at movant's 27.26 hearing. He recalled having inspected the hospital records in preparing for movant's case and talking "to somebody on the nursing staff." Movant also produced copies of the hospital records which were admitted in evidence upon the testimony of one of the medical record custodians that the records were valid business records of the hospital where movant was treated.

Movant offered no other evidence on this point.

■ To support his ineffective assistance of counsel allegation, movant must demonstrate that his trial counsel failed to exercise customary skills and diligence required of a reasonably competent attorney. Movant has the burden of showing that his counsel, through his actions or inactions, prevented movant from presenting evidence that would have been helpful to him at trial and, further, that the actions or inactions were of such character as to result in a substantial deprivation of his right to a fair trial. *Myrick v. State,* 507 S.W.2d 42 (Mo.App.1974). The burden to show ineffective assistance of counsel is a "heavy" one. *Cole v. State,* 573 S.W.2d 397, 401 (Mo.App.1978); *Stevens v. State,* 560 S.W.2d 599, 600 (Mo.App.1978); *Pickens v. State,* 549 S.W.2d 910, 912 (Mo.App.1977); *Lahmann v. State,* 509 S.W.2d 791, 794 (Mo.App.1974). Further, a movant who asserts ineffective assistance of counsel based upon inadequate investigation must show that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of substantial evidence by counsel's neglect. *Cole v. State,* supra at 401; *Bibee v. State,* 542 S.W.2d 540, 541 (Mo. App.1976).

■ Movant failed to demonstrate ineffective assistance of counsel. His second assignment of error is not well taken and is denied.

■ Movant next asserts that his conviction for murder first degree should be vacated for the reason that it subjected him to double jeopardy in violation of the fifth and fourteenth amendments to the United States Constitution.

Movant's conviction for attempted robbery first degree was vacated following the 27.26 hearing which produced this appeal. That action was taken in accordance with the principles set forth in *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981), viz., that the legislature did not intend to allow separate and cumulative punishments for felony-murder and the underlying felony which produced the homicide.

Movant apparently asserts that the sentencings themselves are what subjected him to double jeopardy. He contends that the trial court was required to vacate both sentences and thereafter consider resentencing. He asserts that he had completed the sentence for attempted robbery first degree before the trial court vacated that sentence and contends, under those circumstances, that the trial court would have no jurisdiction to resentence him for the murder first degree offense. He concludes that a resentencing for murder first degree would twice place him in jeopardy for the same offense.

We do not agree. The procedure followed by the trial court did not prejudice movant. His entire time of incarceration is credited on the life sentence he is presently serving for murder first degree. The trial court properly vacated the conviction for the underlying felony and left the conviction for murder first degree intact.

Movant's third assignment of error is denied.

Movant's fourth assignment of error relates to his present appointed counsel's request for an advance payment of funds to employ an expert to evaluate medical records and testify. In pursuit of the claim that movant's oral confession which was admitted as evidence at trial was involuntarily given, movant's appointed counsel filed a "Motion for Payment of Expenses in Advance of Testimony." That motion sought an advancement of funds with which to employ a physician. The services for which a physician was sought included evaluation of movant's medical records and presentation of testimony. That motion was submitted to the trial court without oral argument. The trial court, by its memorandum entry, considered and overruled the motion.

Movant now asserts that submission of his 27.26 motion "without medical testimony severely prejudiced appellant's [movant's] right to a fair trial...." He contends that *State ex rel. Wolff v. Ruddy*, 617 S.W.2d 64 (Mo. banc 1981), cert. denied, 454 U.S. 1142, 102 S.Ct. 1000, 71 L.Ed.2d 293, required the trial court to determine whether the expenses for which the advancement was sought were necessary. He complains that the trial court made no finding that they were not.

We rule against movant on this point.

■ The issue of the voluntariness of movant's confession was determined on direct appeal. Thus, for the reasons given in denying movant's first assignment of error, he was not entitled to relitigate that point. The only remaining issue to which the expert testimony of a physician might be relevant is movant's second assignment of error regarding alleged ineffective assistance of counsel.

Movant's medical records were admitted in evidence at the evidentiary hearing on movant's 27.26 motion held March 27, 1981. Movant's counsel indicated a desire for additional time to seek review of those records by a physician. The trial court accommodated that request with his stated understanding that, "... I'll be waiting to hear from you on that, won't I?"

On May 4, 1981, movant's "Motion for Payment of Expenses in Advance of Testimony" was filed. On August 14, 1981, the parties agreed for the motion to be submitted to the trial court without argument.

They further agreed to a schedule for their submission of memoranda on the other issues before the trial court. On August 14, 1981, the trial court overruled the "Motion for Payment of Expenses in Advance of Testimony."

 This sequence of events afforded movant adequate opportunity to address the issue of whether the expenses for which advancement was sought were necessary. The trial court considered what was presented to him. His overruling the "Motion for Payment of Expenses in Advance of Testimony" on August 14, 1981, after having received evidence at an earlier date (including the medical records of movant) was a sufficient finding that the expenses for which an advance was sought were not necessary. *State ex rel. Wolff v. Ruddy,* supra, required nothing more under the circumstances in this case.

Movant's fourth assignment of error is denied.

Judgment affirmed.

PUDLOWSKI, P.J., and JAMES A. FINCH, Jr., Senior Judge, concur.