Andrew DAUGHERTY–BEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 51053.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer Denied March 4, 1987.

Application to Transfer Denied April 14, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Andrew Daugherty-Bey, was charged with capital murder, § 565.001 RSMo (1978) (repealed), for the murder of Father Edward Filipiak, a 79 year old Roman Catholic priest (victim), on September 29, 1979. Movant was convicted, after a jury trial, of murder in the first degree, § 565.003 RSMo (1978) (repealed); and was sentenced to life imprisonment. His conviction was affirmed on direct appeal. *State v. Daugherty*, 631 S.W.2d 637 (Mo. 1982). A detailed statement of the facts appears in that opinion. Movant then brought this Rule 27.26 motion. He appeals the trial court's denial of his motion, after an evidentiary hearing. We affirm.

Grounds for relief asserted in a Rule 27.26 motion do not prove themselves and it is incumbent upon the movant to prove such grounds by a preponderance of the evidence. Rule 27.26(f). Appellate review is limited to determining whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j).

Movant first contends that the trial court did not have jurisdiction to try him on a charge of murder first degree, § 565.003, so-called felony murder, because he was charged only with capital murder, § 565.-001. This point was decided adversely to movant in his direct appeal, albeit couched in terms of a lack of instructional error. *Daugherty*, 631 S.W.2d at 645. In that case, the court held that the evidence supported the submission of murder in the first degree; and that failure to instruct on that crime would have been reversible error.[1] *Id.*

In *State v. Holland*, 653 S.W.2d 670 (Mo. banc 1983), the Missouri Supreme Court rejected a similar charge of instructional error raised by movant's co-defendant in his direct appeal. The court held

---

1. At the time the offense was committed, MAI–CR No. 15.02 and No. 15.12 were the approved instructions for capital murder and for murder in the first degree in robbery, respectively.

MAI–CR No. 15.00 Supplemental Notes on Use 3, Caveat d provided that, "even if the charge is capital murder and is submitted, a felony-mur-

that instructing the jury on first degree murder on a capital murder charge resulted in no prejudice to defendant, where the evidence which supports the first degree murder instruction "is exactly the same evidence which would have supported a conviction for capital murder." *Id.* at 673 (quoting *State v. Goddard*, 649 S.W.2d 882, 889 (Mo. banc 1983)). In this case, movant's argument that the only issue decided in his direct appeal was the question of instructional error, not jurisdiction, draws a distinction without a difference. Movant's first point is denied.

In his second point, movant asserts that counsel was ineffective for "failing to investigate the identity of all fingerprints connected to the crime scene." Movant focuses his complaint on fingerprints found on a box in the victim's room. In his brief, he contends that "no conceivable strategy justified [counsel's] failure to investigate the identity of the other prints on the champagne box."

 The test for ineffective assistance of counsel is two-pronged. First, a movant must show that his attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Second, a movant must establish that he was prejudiced thereby; that is, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 2068; *see also Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). Further, a movant who asserts ineffective assistance of counsel based upon inadequate investigation must show that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of substantial evidence by counsel's neglect. *Thomas v. State*, 665 S.W.2d 621, 624 (Mo.App.1983).

Here, movant does not offer any plausible explanation of how the identification of the other fingerprints would have helped his position at trial. He merely states that "pursuing the evidence of other fingerprints could have brought a different result." Additionally, at the evidentiary

der in the first or second degree must be sub-

hearing, when questioned about his failure to investigate the other fingerprints, movant's counsel testified as follows: "There were several fingerprints around. I believe some of them were Father Filipiak's. The biggest problem we had in the case was not concern about other fingerprints. The problem was explaining Mr. Daugherty's fingerprints in the residence of Father Filipiak." Movant has failed to demonstrate that counsel's assistance was ineffective. His second point is denied.

In his third point, movant challenges his conviction because the State introduced evidence against him at trial which had been obtained as a result of the illegal interrogation of his co-defendant. We have reviewed the record and find that movant's contention is without merit. Movant's third point is denied pursuant to Rule 84.-16(b).

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

mitted if justified by the evidence."