**Samuel McDONALD,
Plaintiff–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

**No. 52757.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Daniel Louis Seiden, Richard H. Sindel, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

STEPHAN, Presiding Judge.

This is an appeal of denial of post-conviction relief after an evidentiary hearing. Supreme Court Rule 27.26. Movant was convicted of capital murder in the Circuit Court of the City of St. Louis and sentenced to death. The conviction was affirmed by the Missouri Supreme Court in *State v. McDonald*, 661 S.W.2d 497 (Mo. banc 1983), *cert. denied* 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985).

Movant filed a pro se motion under Rule 27.26 on May 2, 1985. In this motion, he alleged 28 different claims of ineffective assistance of counsel and 13 trial court errors. Counsel was appointed and an amended motion was filed which alleged 4 new claims of ineffective assistance of counsel and 4 new claims of trial error. The motion was further amended by counsel on October 22, 1986.

An evidentiary hearing which spanned four days was held in October 1986. On January 20, 1987, the motion court issued Findings of Fact and Conclusions of Law denying the motion. Movant appeals that decision; we affirm.

After movant's attorney filed his brief, this Court allowed movant to file a pro se supplemental brief which contains eight points, all of which claim that the motion court erred in holding that trial counsel rendered effective assistance in various respects. We will first address those points raised in movant's attorney's brief and then those raised in movant's pro se brief.

The first point is that the hearing court committed reversible error by failing to make findings of fact and conclusions of law on all issues presented in movant's

27.26 motion. Specifically, movant claims that the following federal constitutional claims were placed before the hearing court, but were not ruled on: (1) the jury that convicted and sentenced movant was not representative of the community; (2) the exclusion of evidence at the sentencing phase of the trial violated movant's Eighth and Fourteenth Amendment rights by undermining the heightened reliability required in capital cases; (3) the prosecutor's closing argument violated movant's Eighth and Fourteenth Amendment rights by impermissibly permitting a death sentence to rest on a decision made by a jury who had been led to believe the responsibility for their decision rested elsewhere; and, (4) the denial of movant's request for a psychiatric examination to develop mitigating evidence at the penalty phase was contrary to the intent of the Missouri Legislature and violated movant's constitutional right to equal protection and due process under the Fifth and Fourteenth Amendments.[1]

 In ruling on a 27.26 motion, the court must make findings of fact and conclusions of law on all issues presented. *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978). This standard is satisfied if the findings and conclusions are adequate to provide meaningful review on appeal. *Gill v. State,* 712 S.W.2d 732, 733 (Mo.App. 1986). No error will result, however, for failure to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or on claims not cognizable in a 27.26 proceeding. *Gawne v. State,* 729 S.W.2d 497, 501 (Mo.App. 1987); *Haynes v. State,* 561 S.W.2d 450, 451 (Mo.App.1978).

 As to the first claim, we are unable to fault the hearing court since there was no evidence presented on this claim. There is no indication regarding the make-up of the jury, or in what manner it failed to be representative of the community.

 The second claim was also properly omitted. The trial court's exclusion of evidence in the sentencing phase of the trial was properly a matter to be raised on di-

rect appeal and is not cognizable in a proceeding under Rule 27.26. *Haynes v. State,* supra.

 Both the third and fourth claims which relate to the prosecutor's closing argument and the denial of defendant's request for a psychiatric examination were addressed by the Supreme Court on direct appeal. *State v. McDonald,* 661 S.W.2d 497, at 501, 506. An issue that has been determined on direct appeal cannot be relitigated in a post-conviction proceeding even if the movant asserts a new theory to support it. *Bannister v. State,* 726 S.W.2d 821, 830 (Mo.App.1987); *Wilhite v. State,* 615 S.W.2d 506, 507 (Mo.App.1981).

We find no error in the fact that the hearing court did not address these issues, particularly since the court did address all the cognizable points with sufficient detail. *Fields,* 572 S.W.2d at 483.

Movant's second and third points claim he was denied due process and equal protection because he requested and was denied access to reasonably necessary expert assistance to present evidence in his favor at the sentencing hearing. Movant has failed to state wherein the motion court erred. Rule 84.04(d). Moreover, movant is attacking a trial court ruling that was presented on direct appeal. *McDonald,* 661 S.W.2d at 501. As we stated above, the issue cannot be relitigated. Points II and III are both denied.

 The next point asserts that the trial court erred in refusing to consider evidence offered in mitigation during the sentencing phase of movant's trial. The evidence concerned "Vietnam Veteran's Stress Syndrome". Movant points out that the Eighth and Fourteenth Amendments require that the sentencing court should consider, as a mitigating factor, any aspect of the defendant's character or record and any circumstance of the offense that the defendant proffers as a basis for a sentence less than death. *Lockett v. Ohio,* 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973, 989 (1978).

1. All of these points are also addressed as separate points in this appeal.

The mitigating evidence in question was irrelevant. The witness, Mr. Collins, testified that he was familiar with Post Traumatic Stress Disorder affecting Vietnam Veterans, but that he did not know movant. In order to be relevant, the evidence must have come within the sentencing statute, § 565.012, RSMo 1978 (Repealed October 1, 1984), which states in pertinent part:

3. Statutory mitigating circumstances shall include the following:

. . . . .

(2) The capital felony was committed *while the defendant was under the influence of extreme mental or emotional disturbance.*

This witness could not testify "that the defendant was under the influence of extreme mental or emotional disturbance," therefore, the testimony was irrelevant and the point is denied.

Movant's fifth point is that his trial counsel was ineffective in failing to timely and adequately investigate his mental defense. We disagree.

When trial counsel was first appointed she filed a motion for leave of court to file a "Late Notice of Intent to Rely on the Defense of Mental Disease or Defect".[2] She also moved for the appointment of a psychiatrist, even though, at the time, she had no evidence to support a mental defense. This motion and request for psychiatric examination was denied because it was not in conformity with statutory provisions.

Counsel filed two renewed motions for appointment of a psychiatrist. These were supported by counsel's observations that the defendant was not as logical as he had been in the past, indications by family members that mental disease or defect was a possibility, and the fact that defendant was a habitual drug user and may have been under the influence of drugs at the time of the shooting. Once again, neither motion was founded on statutory provisions, therefore, both motions were denied.

In January 1982, movant showed counsel a magazine article dealing with Vietnam Veterans Stress Syndrome. Counsel researched the "syndrome" in the DSM–III, a diagnostic and statistical manual of mental disorders prepared by the American Psychiatric Association, sought movant's military medical records, and inserted allegations of movant's symptoms in a fourth motion for appointment of a psychiatrist. This motion was filed just before trial was to begin and was also denied.

In testing ineffective assistance claims, the United States Supreme Court has enunciated a two prong test. First, defendant must demonstrate that his trial counsel's assistance fell below an objective standard of reasonableness. Second, defendant must show he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Movant has failed to make a sufficient showing on either prong.

■ Counsel did all that was possible based on the known facts. Counsel need not be clairvoyant to be effective, she can only do what is reasonable under the circumstances. *Boyet v. State*, 671 S.W.2d 417, 418 (Mo.App.1984). Counsel asked for psychiatric examinations even though she had no evidence of mental disease or defect. Until January 1982 she had no solid evidence on which to base her allegations. After she learned about Vietnam Veteran's Stress Syndrome she made a fourth, carefully researched, attempt to acquire a psychiatric examination.

Movant suggests counsel's motions were ineffective because they did not comply with statutory provisions. He alleges, prompted by Judge Blackmar's dissent on the direct appeal, that filing a notice to rely on a mental defense would not have harmed movant. The notice could be withdrawn at any time, and, if so, could not have been used against movant in the sub-

---

**2.** The motion was a nonstandard motion that omits the phrase "the defense hereby gives notice of intent to rely upon mental disease or defect as a defense". The position was that this method would give the defendant the option of using the defense at a later time if so warranted by the results of the psychiatric examination while also keeping the results from the State.

sequent trial. *McDonald*, 661 S.W.2d at 514 (Blackmar, J. dissenting).[3]

■ We find that trial counsel made a conscious decision in not stating a notice of intent to rely on mental disease or defect in order to keep the results of any psychiatric examination from the Circuit Attorney's office. This decision was well-reasoned and based on competent trial strategy. A decision based on trial strategy will not be second-guessed with the benefit of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

■ Movant also failed to show that if a psychiatrist had testified on his behalf that the testimony would have provided movant with a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). Subsequent to the motion hearing, but prior to the motion court's issuance of its findings of fact, conclusions of law, and order denying the motion, movant took the deposition of a psychiatrist, Dr. John Waite, on the subject of Vietnam Veteran's Stress Syndrome. The record of the hearing is silent as to this deposition, but the parties have stipulated in this court that the deposition was filed with and considered by the motion court.[4] Indulging in the presumption that the stipulation correctly states the facts, we have examined the deposition and concluded that the motion court was not clearly erroneous in holding that movant was not denied effective assistance of counsel when his trial counsel did not investigate more thoroughly movant's alleged "mental defense."

In his deposition, Dr. Waite testified that he interviewed movant in the St. Louis City jail on October 9, 1986, and determined that movant had "post Vietnam syndrome" which is classified as an anxiety disorder. He explained that this condition results from unpleasant experiences to which combat soldiers are exposed, that it had been recognized after other wars, but that it was exacerbated by the fact that the Vietnam conflict was "an unpopular war", and returning soldiers did not receive the warm welcomes accorded their predecessors. Dr. Waite testified that a person with the syndrome might "overreact" to a stressful situation, such as when the movant discovered he had robbed a police officer rather than "an ordinary member of the public." The Vietnam syndrome is, however, not a pyschosis, but rather a neurosis "like we all have." Dr. Waite also stated his opinion that the syndrome does not excuse criminal behavior.

Given the foregoing, it cannot be said that evidence such as Dr. Waite's testimony would have been helpful to movant's case either in the guilt phase, § 552.030, RSMo 1978, or with respect to punishment, § 565.012–1(3), RSMo 1978. Dr. Waite's description of the ailment clearly does not rise to the level of *"extreme* mental or emotional disturbance", as that phrase is used in § 565.012–3(2).

With respect to defense counsel's claimed lack of diligence in investigating movant's mental condition, we should also note Dr. Waite's testimony that much less

---

**3.** All of movant's arguments relating to his counsel's failure to obtain a psychiatric examination of movant for use as evidence in either the guilt or penalty stages of the trial, or both, appear to have been inspired by Judge Blackmar's dissent. The issues were, therefore, effectively placed before the Supreme Court and held to be without merit by the majority.

**4.** As originally handed down, this opinion noted the lack of any reference to the deposition in the transcript of the proceedings before the hearing court. Because there was no indication that the deposition had been placed before the hearing court, we declined to discuss what "impact it might have had." The Attorney General, who represented the State in this appeal, was apparently also unaware of any "off the record"

agreements concerning Dr. Waite's testimony, as he stated in his brief that, "nowhere in the record does it indicate that conclusions of Dr. Waite were presented to the trial court." The stipulation that the deposition was presented to and considered by the motion court surfaced only as an attachment to movant-appellant's motion for rehearing and was signed by movant's attorney and the assistant circuit attorney who represented the State at the hearing. Such procedure is, to say the least, irregular. Given the gravity of this case, however, we withdrew the original opinion so as to review Dr. Waite's testimony and whether movant's counsel rendered ineffective assistance in failing to obtain it or similar psychiatric testimony for use in the trial.

was known about the Vietnam syndrome in 1981 and 1982, when trial preparation was underway, than at the time of his diagnosis in October 1986. He also estimated that, at the time of his diagnosis, there was at least a seventy percent greater likelihood of the syndrome being diagnosed by a psychiatrist or psychologist than existed in 1981 or 1982. Finally, Dr. Waite conceded that a person untrained in psychiatry or psychology would be unlikely to notice anything unusual about a person with the syndrome as a result of a normal conversation with him.

Movant has failed to show that either requirement of the *Strickland* test for reversal has been met: He did not show that his counsel's efforts fell below the level of customary skill and diligence that a competent attorney would exercise; nor did he show that he was prejudiced by his attorney's action or inaction with respect to the development of evidence relating to his mental condition as it related to guilt or mitigation of punishment. On the contrary, some testimony like that of Dr. Waite that Vietnam Stress Syndrome is nothing more than a neurosis "like we all have" and is not an excuse for criminal behavior could have had an extremely detrimental effect on movant's case in the eyes of the jury. The point is denied.

Movant's point VI claims that movant is entitled to post-conviction relief because of prejudicial remarks made by the prosecutor during closing arguments. This point was addressed on direct appeal, *McDonald*, 661 S.W.2d at 506, and, will not be addressed here.

■ Movant's seventh point alleges that the prosecution's use of peremptory challenges removed a disproportionate number of blacks from the panel. This is similar to a claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). The rule in *Batson* is to be applied retroactively, but only to those cases not yet final when *Batson* was decided. *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 713, 93 L.Ed.2d 649, 658 (1987). Movant's case became final in

1985, when the U.S. Supreme Court denied certiorari to hear movant's case. *Batson*, therefore, does not apply. Moreover, movant has not provided *any* evidence to support this contention. We have no indication as to the final make-up of the jury. Movant failed to prove his claim by a preponderance of the evidence. Rule 27.26(f). Point denied.

Movant also filed a pro se brief which alleged eight additional instances of ineffective assistance of counsel. Six of these allegations are not supported by the evidence and will not be addressed.

■ Movant first contends that counsel was ineffective for failure to investigate and introduce evidence regarding discrepancies between movant's blood type and the blood type found at the scene of the crime. Movant presented evidence that the blood found at the scene was determined to be type B, whereas his military records indicated that movant's blood type is O.[5]

Movant initially requested that counsel pursue this discrepancy. Counsel questioned movant as to whether there was a possibility that blood tests would determine that movant was at the scene of the crime. Movant answered, "Yes, there was a possibility." Counsel, therefore, chose not to pursue the matter because blood tests are subject to disclosure, enabling the State to place him at the scene of the crime.

Along with the other physical evidence in the State's possession, it was reasonable for counsel to want to keep the prosecutor away from this issue. We, therefore, hold that counsel did not fall below an objective standard of reasonableness, nor was there any showing that the outcome would have changed had the evidence been introduced. *Sanders v. State*, 738 S.W.2d 856, 860–861 (Mo. banc 1987). The point is denied.

■ Movant's final point is that counsel was ineffective for failing to secure a change of judge. We note at the outset that, prior to trial, counsel felt her past relationship with the judge was "excellent". Counsel was aware of the identity

---

5. The type B blood found at the scene was not traced back to the victim either.

of the back-up judge, and felt that it was better for her client to stick with the appointed judge. It was not until the trial had begun and it was too late to change the judge, Rule 32.07, that counsel suspected that the trial judge was biased against movant and that movant was not getting a fair trial.

We find that, based on counsel's prior trial experience before the judge, her decision was reasonable. This was clearly a matter of trial strategy and will not be disturbed. Point denied.

The denial of post-conviction relief following the evidentiary hearing is affirmed.

PUDLOWSKI and CARL R. GAERTNER, JJ., concur.