David Eugene FAULKNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 54039.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Dave Hemingway, Dorothy Mae Hirzy, Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his 27.26 motion after an evidentiary hearing. We affirm.

Movant entered a plea of guilty on September 23, 1983, to possession of a controlled substance, Schedule I. Pursuant to a plea agreement, movant was sentenced to a term of ten years, with the execution of said sentence suspended, and placed on five years probation. Subsequently, because movant violated the terms of his probation, his probation was revoked, and he was ordered to serve his ten-year sentence.

Movant asserts his guilty plea was not knowing or voluntary because it rested entirely upon evidence that was illegally obtained and which could have been suppressed had his attorney filed a motion to suppress.

Movant offered no evidence at the evidentiary hearing to show that a motion to suppress would have been successful. At the guilty plea hearing, the prosecutor stated the State's evidence would show the police made a traffic stop of the car in which movant was a passenger, and when the officer approached the car he saw movant throw something out the car window. When the object was retrieved, it was found to be eleven marijuana cigarettes.

Movant contends that the facts articulated by the prosecutors did not show probable cause for the stop, and therefore the stop was illegal and the evidence suppressible.

A movant in a 27.26 proceeding has the burden of proving his grounds for relief by a preponderance of the evidence. *Thomas v. State,* 665 S.W.2d 621, 623[1] (Mo.App.1983). In this case, movant made no showing that a motion to suppress the evidence would have been successful, thus he failed to prove he was entitled to relief.

*See Tollison v. State*, 556 S.W.2d 455, 458[14] (Mo.App.1977) (in order to plead ineffective assistance of counsel for failure to file a motion to suppress, movant must plead lack of probable cause by factual allegations).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.