Jessie WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56113.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1989.

Application to Transfer Denied
Feb. 13, 1990.

James S. McKay, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant appeals the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

On November 25, 1986, movant, Jessie Williams, pled guilty to first degree robbery. The plea proceeding began under the assumption that movant was pleading guilty solely because he admitted committing the charged act. After movant expressed his innocence to the judge during the plea hearing, the judge suggested that he may be intending to plead pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant discussed this with his attorney and then entered an *Alford* plea. The judge followed the recommendation of the State and imposed a ten year sentence. In this appeal, movant asserts that the motion court erred in denying his claim of ineffective assistance of counsel based on counsel's alleged failure to investigate two witnesses.

The incident giving rise to this case occurred on January 19, 1986. On that date movant, his brother, and Melvin Ford, a friend of movant's brother, drove movant's car to the laundromat located at 1217 Union in the City of St. Louis. Movant and Mr. Ford entered the laundromat and robbed some of the patrons; Melvin Ford produced a gun to facilitate the crime. Movant and Mr. Ford then ran out of the laundromat but were surprised to find that movant's brother had driven off. Movant and Mr. Ford were apprehended as they fled the scene of the crime. During the footchase with officers, movant had thrown down the gun used in the robbery and Mr. Ford had discarded a bag of money stolen from the patrons.

■ Movant filed a motion under Rule 24.035 on June 30, 1988, alleging that his plea was involuntary due to his trial counsel's failure to investigate his case and due to counsel's telling movant that he had no chance at trial, no choice but to plead guilty. In order to succeed, movant must prove that his counsel's performance was ineffective and that this ineffectiveness rendered his plea involuntary. *Kyles v. State*, 645 S.W.2d 384, 385 (Mo.App., E.D. 1983). Regarding the specific claim of inadequate investigation, movant must prove that specific information was not discovered, that this information would have been disclosed upon reasonable investigation, and that this information would have benefited movant's defense. *Id.* at 385. Our review of the motion court's findings is limited to whether its findings, conclusions, and judgment are clearly erroneous. *Chatman v. State*, 766 S.W.2d 724, 725 (Mo. App., E.D.1989).

■ Movant first claims that counsel failed to investigate movant's mother and brother who would testify that movant did not know that Mr. Ford and movant's brother had planned to rob the laundromat. At the evidentiary hearing, movant testified that he, his brother, and Mr. Ford had driven movant's mother to movant's grandmother's house. While there, movant asserts that his brother and Mr. Ford needed to go to the laundromat to pick up some clothes and movant went with them.

The motion court found movant's mother's testimony to be contradictory and not relevant to "any pertinent matter in the trial". Mother testified that movant left her house to go to the laundromat to wash his own clothes. She also testified that she had spoken to movant's trial counsel regarding movant's case numerous times and that trial counsel sent her written notice of the trial date; movant claimed that he told his mother the date of his trial. Movant further acknowledged that counsel had discussed the facts of his case with him.

We cannot conclude that the motion court's denial of movant's first claim was clearly erroneous. Mother's contradictory version of the facts would not likely have helped movant's case. The only evidence regarding the likely testimony of movant's brother was movant's own testimony. The motion court is free to believe or disbelieve the testimony it hears, whether it is that of the movant or any other witness. *Thrasher v. State*, 760 S.W.2d 462, 465 (Mo.App., E.D.1988). It is clear that the motion court did not believe movant's version of his

brother's purported testimony. Point denied.

 Movant next claims that his plea was involuntary because of counsel's insistence that he had no choice but to plead guilty. This claim is based on movant's belief that counsel relied on the strength of the State's case and disregarded movant's claim of innocence.

Movant submits that the case at bar is analogous to our decision in *Hall v. State,* 496 S.W.2d 300 (Mo.App., St.L.Dist.1973) where we reversed the motion court's conclusion that movant's plea was voluntary because we found that trial counsel's representation consisted solely of negotiating a plea with the circuit attorney. We do not disagree with that decision but find the facts in our case not nearly as compelling. In *Hall,* there was no proof adduced to indicate that counsel had discussed the case with movant nor that counsel investigated any possible defenses. *Id.* at 304. In the case at bar, movant's counsel did discuss movant's case with him and talked to movant's mother as well. Furthermore, movant clearly acknowledged during his plea proceeding that he was not coerced into his plea and that counsel had investigated his case to movant's satisfaction. Under the circumstances of this case, we cannot agree with movant's assertion that counsel's conduct coerced him into entering his guilty plea.

 Movant's last claim is that the motion court erred in separating movant's claim of ineffective assistance of counsel from the issue of movant's voluntariness in the motion court's findings and conclusions. This claim is without merit. Movant must indeed prove both that counsel was ineffective and that this ineffectiveness made his plea involuntary. *Kyles,* 645 S.W.2d at 385. Separating the denial of each of these elements or issues cannot logically constitute error where movant's failure to prove either one would be fatal. The court's findings and conclusions clearly provide us with a meaningful record with which to review the evidentiary hearing. *McDonald v. State,* 758 S.W.2d 101, 104 (Mo.App., E.D.1988). Point denied.

Since we conclude that the findings, conclusions, and judgment of the motion court were not clearly erroneous, we affirm the denial of movant's Rule 24.035 motion.

REINHARD and CRIST, JJ., concur.